UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------

UNITED STATES OF AMERICA,

-v-

JEROME WEAH,

Defendant.

22-cr-695-2 (DLC)

MEMORANDUM OPINION
AND ORDER

-------------------------------------

DENISE COTE, District Judge:

On May 24, 2024, defendant Jerome Weah moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The defendant is not eligible for a reduction of his sentence and the motion is denied.

## Background

On January 10, 2023, Weah pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and pursuant to a plea agreement with the Government in which the parties agreed that the offense level was 22 and the criminal history category was II, with a Guidelines range of 46 to 57 months' imprisonment.  The agreement calculated three criminal history points from Weah's 2011 conviction in New Jersey.

Weah conspired to submit fraudulent applications for millions of dollars in emergency cash assistance payments to the New York City Human Resources Administration intended to benefit

homeless veterans.  Approximately 340 such applications were submitted, which resulted in payments of roughly $5.4 million. The Government traced over $2 million in those proceeds into bank accounts controlled by Weah.

The defendant's Sentencing Guidelines range calculated by the Probation Department in the Presentence Report was 51 to 63 months' imprisonment, based on an offense level of 22 and a criminal history category of III.  The Probation Department added two criminal history points because the instant offense was committed while Weah was on parole.  This resulted in a Guidelines range of 51 to 63 months.

At the sentencing on April 14, 2023, the Court adopted the Presentence Report's calculation, finding that the offense level was 22 and the criminal history category was III, with a Guidelines range of 51 to 63 months.  The Court imposed a sentence that varied from that calculation, however, sentencing Weah principally to a term of 46 months' imprisonment.

On May 24, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023 and applies retroactively.  On June 26, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction.  Weah is

scheduled to be released from custody on April 16, 2026.  A detainer has been lodged with the Bureau of Prisons by New Jersey State Parole.

### **Discussion**

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin,

3

974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of criminal history points under U.S.S.G. § 4A1.1(d) for those who committed the offense of conviction while under a criminal justice sentence including while on parole ("status points").  As relevant here, the amendment removed the status points assessed to defendants with six or fewer criminal history points as calculated under U.S.S.G. § 4A1.1.  Amendment 821 was informed by studies of criminal history points that found that status points are "relatively common" in cases where defendants received at least one criminal history point, and that while an offender's criminal history is "strongly associated with the likelihood of future recidivism," status points "add little to the overall predictive value associated with the criminal

history score."  U.S.S.G. App. C, Amendment 821, Reason for
Amendment.

The applicable policy statement in the Sentencing
Guidelines states that a defendant is eligible for a sentence
reduction based on a subsequently lowered sentencing range so
long as the amendment is retroactive, see U.S.S.G. §
1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines
range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider
the factors set forth in 18 U.S.C. § 3553(a) as well as the
"nature and seriousness of the danger to any person or the
community that may be posed by a reduction in the defendant's
term of imprisonment" in determining whether to reduce the
sentence and the extent of the reduction.  Id. § 1B1.10,
Application Note 1(B)(i)-(ii).  A court may also consider a
defendant's post-sentencing conduct.  Id. § 1B1.10, Application
Note 1(B)(iii).

Weah is not eligible for a sentence reduction under
Amendment 821.  His amended criminal history point calculation
is three, and his amended criminal history category is II.  His
amended guidelines range is therefore calculated at 46 to 57
months' imprisonment.  Weah, however, was originally sentenced
to 46 months' imprisonment, which is at the bottom of his
amended Guidelines range.

## Conclusion

Weah's May 24, 2024, motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:          New York, New York
                July 16, 2024

_____
Denise Cote
United States District Judge